IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TAMRA ROBINSON,<br><br>        Plaintiff,<br><br>        v.<br><br>FIRST STATE COMMUNITY ACTION AGENCY,<br><br>        Defendant. | No. 14-cv-1205 (RGA) |

## MEMORANDUM ORDER

In the proposed jury instructions, Defendant suggests it will proffer evidence of wrongdoing on Plaintiff's part, which evidence was acquired by Defendant after Plaintiff was terminated. Defendant argues it would have terminated Plaintiff once it learned of this wrongdoing. After-acquired evidence is relevant to how much back pay should be awarded. *McKennon v. Nashville Banner Pub. Co.*, 513 U.S. 352, 362 (1995). After-acquired evidence is not, however, relevant to the issue of liability.

Back pay is an equitable issue for the Court, *Spencer v. Walmart Stores Inc.*, 469 F.3d 311, 315 (3d Cir. 2006), while liability is a jury issue. As such, after-acquired evidence of Plaintiff's wrongdoing should not be presented to the jury. *See Mardell v. Harleysville Life Ins. Co.*, 65 F.3d 1072, 1073 (3d Cir. 1995). The parties should meet and confer to discuss how to manage presentation of after-acquired evidence and be prepared to discuss the issue Monday morning.

IT IS SO ORDERED this 2 day of December 2016.

                                                  /s/ Richard G. Andrews
                                                  United States District Judge