IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

TAMRA ROBINSON,

    Plaintiff,

v.

FIRST STATE COMMUNITY ACTION
AGENCY,

    Defendant.

No. 14-cv-1205 (RGA)

## MEMORANDUM ORDER

On December 7, 2016, the jury returned a split verdict on Plaintiff's Americans with Disabilities Act claims. (D.I. 72). While the jury found that Defendant "failed to provide her a reasonable accommodation by failing to engage in good faith in the interactive process...," it also found that Plaintiff was not terminated because she was regarded as disabled. (*Id.*) Now Plaintiff has requested back pay.

The remedies available to an ADA plaintiff are governed by 42 U.S.C. § 2000e-5. *See* 42 U.S.C. § 12117. Section 2000e-5(g)(1) gives me authority to award back pay if I find that Defendant intentionally engaged in the illegal conduct, namely its failure to provide a reasonable accommodation. Section 2000e-5(g)(2) limits that power. Relevant here, § 2000e-5(g)(2)(A) does not allow a court to order back pay if the plaintiff was "discharged for any reason other than discrimination."

The jury explicitly found that Plaintiff was not fired because she was disabled, which necessarily means it found that she was fired for some other reason.

I agree with the jury's determination. I believe the essential facts are as follows.[1] I do not think her direct supervisor's comment—what are you dyslexic?—establishes that Defendant regarded her as disabled at the time it was made. It was not until the HR manager was in receipt of the report from the school psychologist saying Plaintiff had indicators of dyslexia that Plaintiff was regarded as disabled by Defendant.

There was no issue of potential disability until after Plaintiff had been disciplined twice for insubordination. The second such discipline was a three-day suspension. The third instance of insubordination, occurring about two weeks after the psychological report was given to Defendant, was when Plaintiff refused to sign the ethics paperwork. Plaintiff said she refused to sign the paperwork because she was not adequately trained as a housing counselor. The lack of training did not occur in the two weeks between the report and her refusal to sign the paperwork, but over the course of her whole time as a housing counselor. For some 95% of that time, Defendant did not regard her as disabled. Thus, I think Defendant fired Plaintiff for not signing the ethics paperwork, and not because of her request for a reasonable accommodation. The refusal to sign was her third act of insubordination. Further, I think it is perfectly consistent to find Plaintiff was fired for insubordination but that the HR manager failed to respond appropriately to the request for an accommodation.

---

[1] A trial transcript has not been prepared.

Even though Defendant regarded Plaintiff as dyslexic and refused to engage in an interactive process, it is more likely than not she was fired for other reasons. Thus § 2000e-5(g)(2)(A) precludes an award of back pay.

Plaintiff's request for back pay is **DENIED**. Any request for attorneys' fees or to otherwise modify the previously entered judgment should be timely filed.

IT IS SO ORDERED this 22 day of December 2016.

                                                           */s/ Richard G. Andrews*
                                                           United States District Judge