**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| TAMRA N. ROBINSON,           )  | |
|                                )  | Civ. No:  14-1205 RGA |
|        Plaintiff,      )  | |
| v.                                              )  | |
|                                )  | |
| FIRST STATE COMMUNITY        )  | |
| ACTION AGENCY,                  )  | |
|                                )  | |
|        Defendant.    )  | |

**PLAINTIFF'S MOTION FOR ATTORNEY'S FEES, LEGAL EXPENSES AND COSTS,
AND LEGAL MEMORANDUM IN SUPPORT THEREOF**

The Plaintiff, Tamra Robinson, pursuant to the provisions of 42 U.S.C. § 12205, Federal Rule of Civil Procedure 54, and District of Delaware Local Rules 54.1 and 54.3, moves this Court for an award of attorney's fees, litigation expenses, and costs.  Plaintiff reserves the right to submit a supplemental motion to the extent any post-trial motions by Defendant result in additional attorney's fees, litigation expenses, or costs, and to respond appropriately to the extent Defendant objects to or challenges the attorney's fees, litigation expenses, and/or costs sought herein.  In support of this motion Plaintiff states as follows:

       1.       On December 8, 2016, after a three-day trial, this Court entered a judgment in favor of the Plaintiff on her ADA "interactive process" claim, based upon the jury's finding in favor of Plaintiff, for $22,500.00 in punitive damages and $1.00 in compensatory damages.  The Court also entered judgment in favor of the Defendant on Plaintiff's ADA "termination" claim. D.I. 73.

       2.       The Court further directed the parties to submit letter arguments on the issue of lost wages by no later than December 19, 2016.  Following those submissions the Court issued a Memorandum Order on December 22, 2016 denying Plaintiff's claim for lost wages.  D.I. 80.

The instant motion is being filed within the time specified by Fed. R. Civ. P. 54(d)(2)(B) and D. Del. LR. 54.3(a).

3. As a result of the jury's verdict the Plaintiff, Tamra Robinson, is a prevailing party and is entitled to an award of attorney's fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12205, which authorizes such an award. A "prevailing party" is defined as "any party 'who succeed[s] on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit'". *Laymon v. Lobby House, Inc.*, 2009 WL 1259059, *2 (D. Del. 2009), *citing Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (quoting *Nadeau v. Helgemoe*, 581 F.2d 275, 278-79 (1st Cir. 1978) (overruled on other grounds). Even a one dollar verdict is sufficient to convey "prevailing party" status on a plaintiff. *Laymon*, at *2, citing *Farrar v. Hobby*, 506 U.S. 103, 109 (1992).

4. The appropriate method for determining the amount of attorney's fees to be awarded is the lodestar method: an appropriate hourly rate multiplied by the reasonable amount of hours expended. *Hensley*, 461 U.S. at 433. This method is followed by the Third Circuit. *See Washington v. Philadelphia Co. Ct. of Comm. Pleas*, 89 F.3d 1031 (3d Cir. 1996), *Rode v. Dellarciprette*, 892 F.2d 1177 (3d Cir. 1990)); see also *Finch v. Hercules, Inc.*, 941 F.Supp 1395 (D. Del. 1996), *Laymon*, 2009 WL 1259059 (D. Del. 2009). "The lodestar is strongly presumed to yield a reasonable fee." *Washington*, 89 F.3d at 1035, citing *City of Burlington v. Dague*, 505 U.S. 557 (1992).

5. A reasonable hourly rate may be determined from the prevailing market rates in the relevant community. *Washington*, 89 F.3d at 1035; *Rode*, 892 F.2d at 1183; *Blum v. Stenson*, 465 U.S. 886, 895-96 (1984). In the instant action Plaintiff's attorneys seek the following rates for attorney's fees:

| | |
|---|---|
| G. Kevin Fasic, Esq. | $410 per hour |
| Katherine Randolph Witherspoon, Esq. | $410 per hour |
| Meghan T. Bonk (Law Clerk) | $175 per hour |
| Rose L. Green (Paralegal) | $155 per hour |
| Contessa Walker (Paralegal) | $155 per hour |

At the time of her employment, Ms. Bonk was a law school graduate who had not yet completed the requirements for admission to the Bar, and was employed as a Law Clerk.

6. The reasonableness of these rates is supported by the attached affidavits from local attorneys Gary W. Aber, Esquire (Exhibit "A"), and Barbara H. Stratton, Esquire (Exhibit "B"), both of whom are prominent employment attorneys who handle primarily plaintiff-side cases, as well as Timothy M. Holly, Esquire (Exhibit "C"), who practices both the plaintiff and defense sides of employment cases. The affidavits of Mr. Fasic and Ms. Witherspoon (Exhibits "D" and "E" respectively) are attached in further support of the level of experience and skill of Plaintiff's attorneys. It is respectfully submitted that the rates requested here are reasonable, are supported by the prevailing market rates, and are appropriate for this action.

7. The hours expended for this action are set forth on the billing records maintained by the law firm Cooch and Taylor, P.A., through the billing system known as PCLaw, and are attached hereto as Exhibit "F". It is respectfully submitted that these records meet the specificity required by the Third Circuit Court of Appeals. *Washington*, 89 F.3d at 1037-38; *Rode*, 892 F.2d at 1191. The hours sought, by individual, are as follows:

| | |
|---|---|
| Mr. Fasic (GKF) | 241.3 |
| Ms. Witherspoon (KRW) | 111.0 |
| Ms. Bonk (MTB) | 17.7 |

        Ms. Green (RLG)                19.1

        Ms. Walker (CRW)             1.2

8. Plaintiff's counsel became involved in the instant action in July 2015, ten months after Plaintiff filed the action in a *pro se* capacity. In brief, the relevant activity of counsel involved: an immediate motion to extend the schedule and include ADR (which was opposed by Defendant but was ultimately successful); discovery (with depositions conducted in Georgetown at the insistence of Defendant's counsel[1]); competing motions for summary judgment (which were denied); efforts to schedule and coordinate mediation (which was cancelled by the Defendant); a further amendment to the schedule; the preparation and presentation of a 3-day jury trial; and the preparation of this motion. Again, Plaintiff reserves the right to seek additional attorney's fees, litigation expenses, and costs to the extent further post-trial action by the Defendant warrants such a request.

9. Plaintiff's attorneys have already exercised appropriate "billing judgment" with respect to the hours expended and have made adjustments for any time that could be deemed excessive, redundant, unnecessary, or not related to successful claims in this action. *Finch*, 941 F. Supp. at 1423, citing *Hensley*, 461 U.S. at 434. For example, Plaintiff's attorneys are not seeking fees for the post-trial submission of argument with respect to the "lost wages" component of damages.

10. Plaintiff respectfully submits that it is impossible to distinguish the work involved to pursue the "interactive process" claim and the "termination" claim. Both involved the same common core of facts, the same witnesses, and the same legal principles. Where such a strong

---

[1] The deposition of Phyllis Parker, Ph.D. was conducted in Wilmington due to the constraints placed upon her by her employment and family circumstances.

relationship exists between the two claims, it is respectfully submitted that adjustment is neither appropriate nor possible. *Laymon*, 2009 WL 1259059 at *3. In *Finch*, the Court declined to reduce the lodestar for an unsuccessful effort by the plaintiff to argue a disparate impact theory, which amended his original disparate treatment claim. The Court determined that the "disparate impact theory was part of [plaintiff's] single claim for a violation of the ADEA and 'involve[s] a common core of facts or [is] ... based on [a] related legal theor[y]'". *Finch*, 941 F.Supp. at 1424, citing *Hensley*, 461 U.S. at 435. *See also Goos v. Nat'l Ass'n of Realtors*, 68 F.3d 1380, 1384-85 (D.C. Cir. 1995). Here the circumstances are strikingly similar to *Finch*. Plaintiff's "interactive process" claim and her "termination" claim have a common core of facts and are based on related legal theories. No separate witnesses were involved in the pursuit of the "termination" claim, no separate discovery was taken on that claim, and it would be impossible to separate the two claims into distinct litigations. Therefore, no adjustment to the lodestar for the unsuccessful "termination" claim should be made.

11. The lodestar amount sought by Plaintiff is therefore $150,412.00, calculated as follows:

      GKF      $410/hour x 241.3 hours = $98,933.00

      KRW     $410/hour x 111.0 hours = $45,235.00

      MTB     $175/hour x 17.7 hours = $3,097.50

      RLG      $155/hour x 19.1 hours = $2,960.50

      CRW     $155/hour x 1.2 hours = $186.00

12. Plaintiff also requests litigation expenses and costs pursuant to the provisions of 42 U.S.C. § 12205, Fed. R. Civ. P. 54, and D. Del. LR. 54.1. Expenses are set forth on the attached time records (Exhibit "F") and total $2,637.28.

13.     Plaintiff respectfully submits that either no further adjustment to the lodestar be made, or that any such adjustment be minimal.  In addition to securing a vindication of her rights and compensation under the ADA, Plaintiff achieved an important public policy victory.  Plaintiff successfully secured an award of punitive damages for Defendant's conduct in ignoring its obligation to engage in the interactive process.  For this intentional misbehavior the jury determined that the Defendant should be punished.

14.     That a substantial expenditure of time and resources was required falls squarely on the shoulders of the Defendant.  Plaintiff's action was filed in September 2014, two and a half years after her termination and following a lengthy administrative process.  Trial was held nearly five years after Plaintiff's termination.  Defendant had ample opportunity to resolve this dispute well before trial, but instead determined to test Plaintiff's resolve.  In a case involving Delaware's Wage Payment and Collection Act (which also provides for mandatory fee-shifting, see 19 *Del.C.* § 1113(c)), the Superior Court held as follows:

> The case was contested; Defendant tested Plaintiff's resolve, and Defendant should not be able to complain about the risks resulting from litigation.  Defendant did not attempt to mitigate them by making an offer of judgment, ...
>
> Nor should the fees be reduced because of the difference in the judgment and request.  One purpose of 19 *Del.C.* § 1113(c) is to provide employees with relief to redress arbitrary actions of employers who have stronger economic positions.  Without reasonable attorney's fees, employees would not be able to find lawyers to try cases of this nature where the amounts involved are relatively small, ....

*Rodas v. Svc. Gen'l Corp.*, 2010 WL 2355314 *2 (Del. Super. 2010).  The circumstances here are similar.  Defendant clearly enjoys a far superior economic position to Plaintiff's.  Defendant fought Plaintiff every step of the way, refusing initially to agree to an extension of the schedule

when Plaintiff secured counsel, refusing to mediate the dispute, then filing an unsuccessful summary judgment motion, followed by an unsuccessful trial. Defendant never presented an offer of judgment under Fed. R. Civ. P. 68, nor did it engage in any good faith ADR effort. Defendant did nothing to mitigate its risk, and should not be able to complain about the result.

15. In summary, Plaintiff requests the following for attorney's fees, litigation expenses, and costs:

| | |
|---|---|
| Lodestar amount (through the date of this filing) | $150,412.00 |
| Litigation Expenses and Costs | $   2,637.28 |
| TOTAL FEE REQUESTED | $153,049.28 |

WHEREFORE, Plaintiff respectfully requests that this Honorable Court issue an order awarding Plaintiff attorney's fees, litigation expenses, and costs in the amount of $153,049.28, and enter the award as a judgment against Defendant.

                                              COOCH AND TAYLOR, P.A.

                                              */s/ G. Kevin Fasic*
                                              G. Kevin Fasic, Esq. (DE 3496)
                                              Katherine Randolph Witherspoon, Esq. (DE 3348)
                                              1000 West Street, 10th Floor
                                              P.O. Box 1680
                                              Wilmington, DE 19899-1680
                                              (302) 984-3815
                                              kfasic@coochtaylor.com
                                              kwitherspoon@coochtaylor.com

Dated:  January 3, 2017