## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

TAMRA N. ROBINSON,         )
                             )     Civ. No:  14-1205 RGA
           Plaintiff,       )
     v.                      )
                             )
FIRST STATE COMMUNITY     )
ACTION AGENCY,            )
                             )
           Defendant.     )

## PLAINTIFF'S REPLY IN SUPPORT OF HER
## MOTION FOR ATTORNEY'S FEES, LEGAL EXPENSES AND COSTS

This Reply is submitted to Defendant's Response dated January 17, 2017, and includes an additional request for attorney's fees, litigation expenses, and costs that were incurred subsequent to Plaintiff's original motion (filed January 3, 2017 with a pre-bill that included charges through December 30, 2016). This Reply will track closely with the paragraphs of Defendant's Response, and answer those contentions specifically.

Of additional note, a copy of Plaintiff's Motion/Memorandum of Law was emailed to Defendant's counsel on January 3 with an inquiry as to stipulation.  In lieu of any discussion or negotiation, Defendant filed its Response.  A copy of this Reply will also be sent to Defendant's counsel and Plaintiff remains open to discussion and stipulation to a figure for attorney's fees, legal expenses, and costs.  Plaintiff does not concur with the figure suggested in Defendant's Response.

1.     Plaintiff concurs generally with Defendant's statements in paragraph 1 but refers the Court to its Motion and Memorandum of Law.  The Court is familiar with the outcome of the trial and post-trial motions thus far.

00343009                                   1

2.      Plaintiff disputes that the figure suggested is a "maximum" recovery, as Plaintiff (a "prevailing party") is entitled to recover attorney's fees, litigation expenses, and costs consistent with 42 U.S.C. § 12205.

3.      Plaintiff agrees with the figures the jury awarded but not with the percentage characterization made by Defendant.  Again, Plaintiff is a "prevailing party".  *See Laymon v. Lobby House*, 2009 WL 1259059 (D. Del. 2009).

4.      Plaintiff agrees but notes that the original bill (including litigation expenses and costs) was in excess of $162,000.  Plaintiff made adjustments of nearly $10,000 from the original bill to the amount sought in her Motion, and has done so again with the amount sought here as a supplemental request.

5.      Plaintiff incorporates the argument contained in paragraph 3 of her Motion. "Prevailing Party" status more than justifies an award of attorney's fees, litigation expenses, and costs for the Plaintiff.  *See generally*: *Hensley v. Eckerhart*, 461 U.S. 424 (1983); *Farrar v. Hobby*, 506 U.S. 103 (1992); and *Laymon* ([T]he right to reasonable attorney's fees is provided under 42 U.S.C. § 1988: in any action or proceeding to enforce a provision of ... Title VII of the Civil Rights Act of 1964 ..., the court, in its discretion, may allow the prevailing party, ... a reasonable attorney's fee as part of the costs.")

6.      Admitted.  See response above to ¶ 5.

7.      There are three factors used to gauge the level of success: "'the difference between the amount recovered and the damages sought[;]' 'the significance of the legal issue on which the plaintiff claims to have prevailed[;]' and 'the public purpose served' by the litigation." *Laymon*, 2009 WL 2, quoting Justice O'Connor's "influential concurring opinion" in *Farrar*, 506 U.S. at 121-22 (O'Connor, J. concurring).

00343009                                            2

8.      Plaintiff incorporates her response to ¶ 7.  Plaintiff respectfully submits that the legal issues here were significant, and the public purpose (compelling employers to engage in the interactive process in good faith) is substantial.

9.      Defendant's reliance on a factor of six in comparing the recovery to the attorney's fees is misplaced, and contrary to her own experience.  As identified in Plaintiff's Motion (¶ 14), Delaware state courts have expressed no hesitancy in awarding attorney's fees well in excess of the amount awarded to a prevailing party.  *See Rodas v. Svc. Gen'l Corp.*, 2010 WL 2355314 (Del. Super. 2010):

> The case was contested; Defendant tested Plaintiff's resolve, and Defendant should not be able to complain about the risks resulting from litigation.  Defendant did not attempt to mitigate them by making an offer of judgment, ...
>
> Nor should the fees be reduced because of the difference in the judgment and request.  One purpose of 19 *Del.C.* § 1113(c) is to provide employees with relief to redress arbitrary actions of employers who have stronger economic positions.  Without reasonable attorney's fees, employees would not be able to find lawyers to try cases of this nature where the amounts involved are relatively small, ....

10.      Plaintiff relies upon its Motion and the argument contained herein.  Plaintiff does not seek a "windfall," she seeks an award commensurate with the effort employed by her attorneys to pursue this action.  Bearing in mind that Defendant fought her every step of the way, from the early administrative process through litigation in this Court (i.e. opposition to the motion to extend the schedule, insisting upon depositions in Georgetown, refusal to participate in mediation, a failed summary judgment motion, failure to make an Offer of Judgment, and currently a motion for a new trial).  Defendant has no one to blame but itself for the amount of Plaintiff's attorney's fees.

11.     Plaintiff respectfully submits that staffing trial with two attorneys is not unreasonable nor is it excessive.  Both Mr. Fasic and Ms. Witherspoon participated fully in trial, examining witnesses, making argument at sidebar, and collaborated on all aspects of trial.  Both attorneys were intimately familiar with the case, as the pre-bill submitted as Exhibit F to Plaintiff's Motion reflects.  The pre-bill (Exhibit F) as well as the pre-bill submitted here for time spent after Plaintiff's Motion were carefully examined to reduce or eliminate any alleged "double-billing" for services performed.

12.     In reply Plaintiff incorporates her argument and the cases cited in ¶ 10 of her Motion/Memorandum of Law.  Plaintiff's termination claim and her interactive process claim have a common core of facts, common witnesses, common legal argument, and are in no way "distinct" from one another.

13.     Defendant's Response skips paragraph 13.

14.     Plaintiff has already made adjustments to its bill, from $162,000 to $152,000 for the original Motion (inclusive of costs and expenses), and from $18,000 to $15,000 for the submission included herein (also inclusive of costs and expenses).  Plaintiff respectfully submits that any further adjustment or reduction to the lodestar should be minimal.

15.     Plaintiff re-states her argument from ¶ 14, above.

16.     Defendant either ignores or failed to notice that the entries for Plaintiff's post-trial motion for lost wages are not being charged (see Exhibit F, entries from December 9 to 19). Time spent preparing a Motion for Attorney's Fees is compensable.  *See Bagby v. Beal*, 606 F.2d 411, 415-416 (3d Cir. 1979), and *Reed v. A.W. Lawrence & Co.*, 95 F.3d 1170, 1183-84 (2d Cir. 1996).  Accordingly, all of Plaintiff's post-trial time (exclusive of the lost wages effort) should be compensable.

00343009                                         4

17.     The time spent by paralegals in furtherance of Plaintiff's claims is certainly compensable and may be included in Plaintiff's Motion.  To the extent the Court determines that a portion of this work is "administrative:" rather than "para-professional" Plaintiff respectfully submits that the time should be adjusted, not eliminated.

18.     Defendant's argument as to the letter on deficient discovery responses misses the point.  Had Defendant adequately responded to discovery this time would not have been necessary in the first place.  Plaintiff is mindful of a similar argument that can be used later in this Reply, and submits that appropriately objected to discovery that was irrelevant to the issues in this case is acceptable.  More to the point, the pre-bills submitted on behalf of Plaintiff have been examined and adjusted such that duplicate time entries (a small item) are not included in Plaintiff's request.  Defendant does not cite to examples of alleged "duplicate" entries.

19.     The use of two attorneys (and no staff) to attend trial is not excessive.  As noted above, Mr. Fasic and Ms. Witherspoon shared arguments, witness examination (Ms. Witherspoon actually examined two witnesses (Mr. Bull and Ms. Allen)), interaction with the Court, and virtually every task necessary to present a successful trial.  Plaintiff respectfully submits that no adjustment should be made for trial preparation or presentation.

20.     Plaintiff is not entirely clear what point Defendant is trying to make with these entries, all of which were either adjusted or were not duplicative (and in some instances Defendant incorrectly cites the hours involved, see December 15, 2015, and July 5, 2016).  Plaintiff respectfully submits that no further adjustment is necessary for these entries.

21.     Defendant insisted on conducting Plaintiff's deposition at her Georgetown office, despite the knowledge that Ms. Robinson resides in Pennsylvania.  Counsel further insisted that her client's representatives also be deposed in Georgetown.  The only exception was for Dr.

00343009                                      5

Parker's deposition, to accommodate her specific family and work circumstances.  The depositions of Mr. Bull and Ms. Edwards (which together exceeded an hour) were conducted on the same day, to save time and avoid duplicate travel.  Additional time over and above the actual conduct of the depositions was spent in preparation, and not exclusively as travel time.  Had depositions of Defendant's personnel been taken in Wilmington this travel time could have been avoided.

22.     Plaintiff's residential, employment, and educational history were entirely irrelevant to the issues in this case.  Proper objections were made to these inquiries and, when Defendant indicated it intended to pursue the issues responses were provided to these irrelevant inquiries.  Plaintiff respectfully submits that no adjustment is warranted here.

23.     Any "change" to Plaintiff's theory of the case was entirely irrelevant to the preparation for trial in this case.  The change from "Plaintiff was dyslexic" to "Plaintiff was regarded as dyslexic" resulted in no greater or lesser preparation.  Dr. Parker's report was a central exhibit during trial and necessitated that Defendant take her deposition.  Any failure to do so would arguably have been malpractice.  Plaintiff contends that this argument is spurious, and that no adjustment here is warranted.

24.     As stated above in ¶ 23, Dr. Parker's report was a central exhibit in this case.  Dr. Parker was identified as a witness (both fact and expert).  Defendant neglected to retain its' own expert.  Any failure to depose Dr. Parker would arguably have been malpractice, and Dr. Parker was one of only two witnesses whom Defendant deposed (with Plaintiff being the other).  And, ultimately, the jury did find that Defendant regarded Plaintiff as being disabled (see Verdict Form, D.I. 72).  Plaintiff respectfully submits that no adjustment here is warranted.

00343009                                           6

25.     Defendant cites to no authority for its argument in this paragraph.  Plaintiff's claims (termination and interactive process) were intertwined, and cannot be separated into distinct claims.  Plaintiff relies here on the arguments raised in its Motion/Memorandum of Law, specifically ¶ 10.

26.     Defendant's reliance on the outcome of *Burris v. Richards Paving*, 472 F.Supp. 615 (D. Del. 2007) is entirely misplaced.  That case involved an applicant for employment who was denied a position because the employer regarded him as being disabled and therefore neglected to hire him.  Any comparison to the instant action ends with the legal theory involved.  Plaintiff was employed by Defendant for nearly two and a half years.  Discovery here included the production of hundreds of pages of material, and was limited to the depositions of only key employees of Defendant.  And, Defendant fought this case every step of the way.  Additionally, Defendant cites to no authority whereby the hours employed in one case with similar legal theories should be used as a guide for what is appropriate in an entirely different case, with vastly different facts.

27.     For the reasons set forth above, no adjustment to Plaintiff's request for legal expenses or costs is warranted.

28.     Plaintiff has incurred additional attorney's fees, legal expenses, and costs subsequent to the submission of her Motion on January 3.  Attached hereto as Exhibit A, and incorporated herein by reference, is the pre-bill for entries through Monday, January 23, 2017.  This pre-bill has been adjusted to remove any time that was excessive, duplicative, or unnecessary.  The rates remain the same.  The time incurred was to respond to Defendant's Motion for a New Trial, and to prepare the instant Reply.  Additionally, Plaintiff's counsel incurred a minimum of five (5) hours of time today (January 24) to finalize and file the instant

Reply, equating to $2,050.00 of time not reflected on the attached pre-bill.  Such time is compensable as set forth above in ¶ 16.  In addition to the amount the Court determines to be appropriate from Plaintiff's Motion/Memorandum of Law, an additional amount of $17,876.72 is sought for this additional time.  Plaintiff's total request is for a total of $170,926.00 (inclusive of legal expenses and costs).

WHEREFORE, Plaintiff respectfully requests that this Honorable Court issue an order awarding Plaintiff attorney's fees, litigation expenses, and costs in the amount of $170,926.00, and enter the award as a judgment against Defendant.

COOCH AND TAYLOR, P.A.

*/s/ G. Kevin Fasic*
G. Kevin Fasic, Esq. (DE 3496)
Katherine Randolph Witherspoon, Esq. (DE 3348)
1000 West Street, 10th Floor
P.O. Box 1680
Wilmington, DE 19899-1680
(302) 984-3815
kfasic@coochtaylor.com
kwitherspoon@coochtaylor.com

Dated:  January 24, 2017