UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TAMRA N. ROBINSON,       : | |
|     Plaintiff,       : | |
|            : | |
|     v.       : | Case No. 14-1205-RGA |
|            : | |
| FIRST STATE COMMUNITY       : | |
| ACTION AGENCY,       : | |
|     Defendant.       : | |

**PLAINTIFF'S ANSWER IN OPPOSITION TO**
**DEFENDANT'S MOTION FOR STAY OF EXECUTION ON APPEAL**

    NOW COMES the Plaintiff, Tamra N. Robinson, by and through her undersigned counsel, and responds in opposition to Defendant's Motion for Stay of Execution on Appeal:

    1.    Admitted.

    2.    Admitted.

    3.    Admitted.

    4.    Admitted only that this is the relief that Defendant requests.  Plaintiff opposes this motion as it is unsupported in law or in fact, and requests that the Court deny the motion to stay or alternatively that the Court require the Defendant to post a bond in accordance with the appropriate procedure as set forth in Fed. Civ. Pro. R. 62.  Rule 62(d) is clear: "If an appeal is taken, the appellant may obtain a stay by supersedeas bond."

    <u>Additional Relevant Factual Background</u>:  On October 9 Plaintiff's counsel emailed Defendant's counsel to inquire about a motion for approval of a bond, and referenced Rule 62.  Notice was provided that execution discovery would be forthcoming, including depositions.  See Exhibit "A" hereto, which is incorporated herein by reference.  Defendant's counsel responded outlining its argument to vacate the decisions below (which is now before the Third Circuit on Defendant's motion), but neglected to respond to the inquiry about the bond.  On November 10,

1

after transferring the judgments to the Delaware Superior Court, Plaintiff issued a subpoena duces tecum and sent a complete copy to Defendant's counsel.  See Exhibit "B" hereto, which is incorporated herein by reference.  Defendant produced no documents, and failed to appear for a deposition, arguing that Defendant only received the cover page from the subpoena.  Plaintiff disputes this (based upon representations from its process server) and notes that Defendant's counsel had a complete copy of the subpoena as early as November 10.

## **STANDARD**

5. Admitted that Defendant provides a correct recitation of Fed. R. Civ. Pro. 62(d).  Defendant neglects to explain the purpose for requiring the supersedeas bond: "The purpose of the supersedeas bond is to preserve the status quo during the pendency of an appeal.  It protects the winning party from the possibility of loss resulting from the delay in execution." *Schreiber v. Kellogg*, 839 F.Supp. 1157, 1159 (E.D.Pa. 1993).  The District of Delaware recognizes this same purpose, using nearly identical language. *See: S. Track & Pump, Inc. v. Terex Corp.*, 2014 WL 4825249, *3 (D.Del. 2014) (additional citations omitted).  Plaintiff contends that *S. Track & Pump, Inc.* sets forth the applicable standard for the imposition of the supersedeas bond, and its amount. *Id.*, at *3-4.  In the instant case the Court should require Defendant to post a bond, in the full amount of the judgments plus an amount for the anticipated costs of the appeal.

6. Denied.  Defendant cites to the incorrect standard for analysis of the instant question.  The analysis cited by Defendant from *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987) is not appropriate for use where a stay is requested under Rule 62(d).  "The defendants argue that this court should consider the four factors enunciated in [*Hilton*], to support a stay of execution without a bond pending appeal.  …  However, 'this is the traditional standard for issuing injunctions' and while it is 'arguable that a monetary judgment may also be stayed under' this

standard, '[s]tays of monetary judgments are ordinarily sought under either [Rule] 62(d) […] or 62(f) […].'" *Ford v. Bender*, 903 F.Supp.2d 90, 106 (D.Mass. 2012), citing *Acevedo-Garcia v. Vera-Monroig*, 296 F.3d 13, 17 & n. 4 (1st Cir. 2002).  See also *Schreiber*, 839 F.Supp. at 1161. Here the Defendant is clearly requesting a stay under Rule 62(d), and simultaneously requesting a waiver of the bond requirement.

The factors to consider for a waiver of the bond requirement are set forth in *Hurley v. Atlantic City Police Dep't.*, 944 F.Supp. 371, 374 (D. N.J. 1996): "The court may examine: (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place the other creditors of the defendant in an insecure position," (additional citation omitted).

While the district court has discretion to waive or reduce the bond requirement, such discretion should only be exercised in "extraordinary circumstances".  *Schreiber*, 839 F.Supp. at 1159 (additional citations omitted).  "The judgment debtor bears the burden of demonstrating objectively the need for departure from the usual requirement of full security by showing that posting a full bond is impossible or impracticable." *Id.* (additional citations omitted).  Bald statements regarding the hardship on the defendant, without elucidation, are insufficient to constitute "extraordinary circumstances". *Id.*, at 1161.  Here, the Defendant has wholly fails to satisfy the standards for waiver or reduction of the bond requirement of Rule 62(d), and in fact presents evidence that supports the imposition of the bond, without reduction.

## I. DEFENDANT'S LIKELIHOOD OF SUCCESS ARGUMENT IS BOTH INAPPROPRIATE AND DOES NOT APPLY TO THE INSTANT ANALYSIS

7. Denied. A substantive response to Defendant's allegations is unnecessary to the extent Defendant is using the incorrect standard to analyze its request for waiver or reduction of the bond requirement under Rule 62(d). As is set forth above, the *Hilton* four factor analysis is inapplicable here.

Applying the factors set forth in *Hurley*, the Court should require Defendant to post a bond, in the full amount of the judgments below, plus the anticipated cost of the appeal: (1) Plaintiff does not have documentation regarding Defendant's assets (which were requested through the subpoena duces tecum) and cannot state with certainty how complex collection might prove to be; (2) Plaintiff anticipates at least a year or more for the issuance of a decision from the Third Circuit Court of Appeals, inasmuch as the case remains with the Appellate Court's Mediation Unit and no briefing schedule has been established; (3) Based upon Defendant's unsupported statements in its Motion (see paragraphs 17 to 19) the Court should have little to no confidence in Defendant's ability to pay the judgment; (4) Based upon Defendant's unsupported statements in its Motion (see paragraphs 17 to 19), Defendant's ability to pay the judgment is anything but "plain"; and (5) Defendant offers no documentation or support for its current financial condition, or whether the posting of a bond would have any impact whatsoever upon its other creditors. In light of the purpose of the supersedeas bond, *See S.Track & Pump, Inc.*, 2014 WL at *3-4, Plaintiff respectfully contends that Defendant must post a bond, with no waiver or reduction.

8. Plaintiff objects to the inclusion of paragraphs 8 through 16 of its Motion as this is nothing more than a re-argument of the Motion presently pending before the Third Circuit (filed by Defendant on November 21, 2017). To the extent any response is required Plaintiff

4

repeats and re-alleges the responses included in its Response, filed on December 1, 2017.  In any case, the "likelihood of success" factor set forth in *Hilton* is not applicable here and the argument made by Defendant in the instant Motion should be disregarded.

9. Plaintiff objects to the inclusion of paragraphs 8 through 16 of its Motion as this is nothing more than a re-argument of the Motion presently pending before the Third Circuit (filed by Defendant on November 21, 2017).  To the extent any response is required Plaintiff repeats and re-alleges the responses included in its Response, filed on December 1, 2017.  In any case, the "likelihood of success" factor set forth in *Hilton* is not applicable here and the argument made by Defendant in the instant Motion should be disregarded.

10. Plaintiff objects to the inclusion of paragraphs 8 through 16 of its Motion as this is nothing more than a re-argument of the Motion presently pending before the Third Circuit (filed by Defendant on November 21, 2017).  To the extent any response is required Plaintiff repeats and re-alleges the responses included in its Response, filed on December 1, 2017.  In any case, the "likelihood of success" factor set forth in *Hilton* is not applicable here and the argument made by Defendant in the instant Motion should be disregarded.

11. Plaintiff objects to the inclusion of paragraphs 8 through 16 of its Motion as this is nothing more than a re-argument of the Motion presently pending before the Third Circuit (filed by Defendant on November 21, 2017).  To the extent any response is required Plaintiff repeats and re-alleges the responses included in its Response, filed on December 1, 2017.  In any case, the "likelihood of success" factor set forth in *Hilton* is not applicable here and the argument made by Defendant in the instant Motion should be disregarded.

12. Plaintiff objects to the inclusion of paragraphs 8 through 16 of its Motion as this is nothing more than a re-argument of the Motion presently pending before the Third Circuit (filed by Defendant on November 21, 2017). To the extent any response is required Plaintiff repeats and re-alleges the responses included in its Response, filed on December 1, 2017. In any case, the "likelihood of success" factor set forth in *Hilton* is not applicable here and the argument made by Defendant in the instant Motion should be disregarded.

13. Plaintiff objects to the inclusion of paragraphs 8 through 16 of its Motion as this is nothing more than a re-argument of the Motion presently pending before the Third Circuit (filed by Defendant on November 21, 2017). To the extent any response is required Plaintiff repeats and re-alleges the responses included in its Response, filed on December 1, 2017. In any case, the "likelihood of success" factor set forth in *Hilton* is not applicable here and the argument made by Defendant in the instant Motion should be disregarded.

14. Plaintiff objects to the inclusion of paragraphs 8 through 16 of its Motion as this is nothing more than a re-argument of the Motion presently pending before the Third Circuit (filed by Defendant on November 21, 2017). To the extent any response is required Plaintiff repeats and re-alleges the responses included in its Response, filed on December 1, 2017. In any case, the "likelihood of success" factor set forth in *Hilton* is not applicable here and the argument made by Defendant in the instant Motion should be disregarded.

15. Plaintiff objects to the inclusion of paragraphs 8 through 16 of its Motion as this is nothing more than a re-argument of the Motion presently pending before the Third Circuit (filed by Defendant on November 21, 2017). To the extent any response is required Plaintiff repeats and re-alleges the responses included in its Response, filed on December 1, 2017. In any

case, the "likelihood of success" factor set forth in *Hilton* is not applicable here and the argument made by Defendant in the instant Motion should be disregarded.

16. Plaintiff objects to the inclusion of paragraphs 8 through 16 of its Motion as this is nothing more than a re-argument of the Motion presently pending before the Third Circuit (filed by Defendant on November 21, 2017). To the extent any response is required Plaintiff repeats and re-alleges the responses included in its Response, filed on December 1, 2017. In any case, the "likelihood of success" factor set forth in *Hilton* is not applicable here and the argument made by Defendant in the instant Motion should be disregarded.

## II. DEFENDANT'S IRREPARABLE HARM ARGUMENT DOES NOT APPLY TO THE INSTANT ANALYSIS

17. Plaintiff repeats and incorporates herein its averments in response to paragraph 7 of Defendant/s Motion, as set forth above. The bald and unsupported statements of Defendant here do nothing but support Plaintiff's argument under the factors set forth in *Hurley*. Plaintiff has no basis for admitting or denying the assertions made here by Plaintiff and so denies, as Defendant bears the burden of demonstrating why a reduction or waiver is appropriate. *Schreiber*, 839 F.Supp. at 1159 and 1161 (additional citations omitted).

18. Plaintiff repeats and incorporates herein its averments in response to paragraph 7 of Defendant's Motion, as set forth above. The bald and unsupported statements of Defendant here do nothing but support Plaintiff's argument under the factors set forth in *Hurley*. Plaintiff has no basis for admitting or denying the assertions made here by Plaintiff and so denies, as Defendant bears the burden of demonstrating why a reduction or waiver is appropriate. *Schreiber*, 839 F.Supp. at 1159 and 1161 (additional citations omitted).

19.     Plaintiff repeats and incorporates herein its averments in response to paragraph 7 of Defendant's Motion, as set forth above.  The bald and unsupported statements of Defendant here do nothing but support Plaintiff's argument under the factors set forth in *Hurley*.  Plaintiff has no basis for admitting or denying the assertions made here by Plaintiff and so denies, as Defendant bears the burden of demonstrating why a reduction or waiver is appropriate.  *Schreiber*, 839 F.Supp. at 1159 and 1161 (additional citations omitted).  It should be noted here that Defendant makes reference to "last year's audit", but fails to attach or incorporate any document to support that statement.  Defendant may not add additional argument or documentation to support its argument in a Reply.  D. Del. LR. 7.1.3(c)(2).

20.     Defendant's assertions here as to the cost of the bond have no background or supporting material and thus are denied.  Plaintiff disputes the assertion that the proper amount of the bond should be "120% of the penalty".  In the instant action the amount of the judgments below is roughly $158,000.  Plaintiff asserts that a bond in the amount of $250,000 should be sufficient to encompass the judgments below and the anticipated costs of the appeal (including the various motions Defendant has filed, and mediation).[1]  Employing the figures asserted (but not supported) by Defendant, of 1.5% to 3.5% for the cost of the bond, it would appear that Defendant can secure a $250,000 bond for somewhere between $3,750 and $8,750.  Defendant provides no support for its assertion as to "premiums, costs, and fees", and Plaintiff respectfully asserts that there will be minimal economic hardship imposed on the Defendant by requiring it to pay less than $10,000 to secure the supersedeas bond required by Rule 62(d).  Anticipating clarification by Defendant, Plaintiff again notes that Defendant may not add additional argument or documentation to support its argument in a Reply.  D. Del. LR. 7.1.3(c)(2).

---

[1] Plaintiff in no way waives any argument for recovery of all attorney's fees and costs for appeal.

21.     Denied.  Once again, Defendant cites to the incorrect and inapplicable standard from *Hilton* to support its argument.  Defendant's further argument, that it be permitted to deposit the anticipated cost of the bond with the court, fails to recognize the purpose of the bond requirement.  *See S. Track Pump, Inc.*, 2014 WL at *3-4.  Depositing less than $10,000 with the court does not accomplish this purpose, as it does little to protect the winning party below from the possibility of loss resulting from delay in execution.  *Id.*

### III.   DEFENDANT'S INJURY TO PLAINTIFF ARGUMENT DOES NOT APPLY TO THE INSTANT ANALYSIS

22.     Plaintiff repeats and incorporates herein its averments in response to paragraph 7 of Defendant's Motion, as set forth above.  Plaintiff does not dispute that she was gainfully employed at the time of trial (in December 2016) at a higher salary, but denies that the positions were similar.

23.     The award of the jury speaks for itself.  Plaintiff's current financial situation is not material here, as the *Hilton* factors do not apply.  However, it should be noted that Plaintiff was terminated by Defendant in February 2012: nearly six years ago.  The jury trial took place slightly over a year ago, and Plaintiff has yet to be made whole for the injuries the jury clearly recognized.

### IV.   THE PUBLIC INTEREST LIES WITH THE PLAINTIFF

24.     Plaintiff repeats and incorporates herein its averments in response to paragraph 7 of Defendant's Motion, as set forth above.  The bald and unsupported statements of Defendant here do nothing but support Plaintiff's argument under the factors set forth in *Hurley*.  Plaintiff has no basis for admitting or denying the assertions made here by Defendant and so denies, as Defendant bears the burden of demonstrating why a reduction or waiver is appropriate.  *Schreiber*, 839 F.Supp. at 1159 and 1161 (additional citations omitted).  It should be noted here

that Defendant makes reference to "website information", but fails to attach or incorporate any document to support that statement. Defendant may not add additional argument or documentation to support its argument in a Reply. D. Del. LR. 7.1.3(c)(2).

25. Plaintiff repeats and incorporates herein its averments in response to paragraph 7 of Defendant/s Motion, as set forth above. The bald and unsupported statements of Defendant here do nothing but support Plaintiff's argument under the factors set forth in *Hurley*. Plaintiff has no basis for admitting or denying the assertions made here by Defendant and so denies, as Defendant bears the burden of demonstrating why a reduction or waiver is appropriate. *Schreiber*, 839 F.Supp. at 1159 and 1161 (additional citations omitted).

**WHEREFORE**, Plaintiff Tamra N. Robinson respectfully requests that Plaintiff's Motion for Stay of Execution on Appeal be denied, that Defendant be directed to either post a Supersedeas Bond consistent with Fed. R. Civ. Pro. 62(d), in an amount not less than $250,000.00, or submit to execution on the judgments issued by this Court, and for such further relief as the Court deems just and equitable. Plaintiff respectfully notes that any request for the recovery of attorney's fees and/or costs of this Motion be deferred to the conclusion of the matter, and reserves the right to seek such fees and costs as appropriate.

> OFFIT KURMAN, P.A.
>
> */s/ G. Kevin Fasic*
> G. Kevin Fasic, Esquire (DE 3496)
> 1201 North Orange Street, Suite 10 East
> Wilmington, DE 19801
> (302) 351-0901 – Telephone
> kfasic@offitkurman.com – Email

Dated: December 15, 2017