UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TAMRA ROBINSON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | C.A. No. 14-1205 RGA |
| v. | : | |
| | : | |
| FIRST STATE COMMUNITY ACTION AGENCY, | : | |
| | : | |
| Defendant. | : | |

**PLAINTIFF'S MOTION FOR AN AWARD OF ATTORNEY'S FEES ON APPEAL, AND FOR RECONSIDERATION OF DEFENDANT'S MOTION TO BE EXCUSED FROM POSTING A SUPERSEDEAS BOND**

NOW COMES Plaintiff, Tamra Robinson, by and through her undersigned counsel, pursuant to the provisions of 42 U.S.C. § 12205, Federal Rules of Civil Procedure 54 and 62, District of Delaware Local Rules 54.1 and 54.3, Federal Rule of Appellate Procedure 39, and Local Appellate Rules 39.0 to 39.4, and respectfully moves the Court for: (a) an award of Plaintiff's attorney's fees and costs (a Bill of Costs will be submitted to the Third Circuit, per FRAP 39 and Local Appellate Rules 39.0 to 39.4) for the appeal of the above-captioned action; and (b) to re-consider its prior Order granting Defendant's request for a stay of execution without the posting of a supersedeas bond. In support, Plaintiff states as follows:

## BACKGROUND

1. On December 8, 2016, the Court entered a judgement in Plaintiff's favor in the amount of $22,501.00 (D.I. 73). The legal rate of interest in Delaware on December 18, 2016 was 6.0%. As of the date of this filing interest has accrued on this Judgement in the amount of $3,150.28. The total amount now due for this Judgment is $25,651.28. *See* 6 *Del.C.* § 2301. *See also Nat'l. Union Fire Ins. Co. v. McDougall*, 877 A.2d 969, 971 (Del. 2005).

2.      The Court's August 29, 2017 Memorandum Order (D.I. 91) awarded Plaintiff attorney's fees and litigation costs totaling $135,452.26.  The legal rate of interest in Delaware on August 29, 2017 was 6.75%.  As of the date of this filing interest has accrued on the Memorandum Order in the amount of $15,238.38.  The total amount now due for attorney's fees and litigation costs at the District Court is $150,690.64.  *See 6 Del.C. § 2301.  See also Nat'l. Union Fire Ins. Co.* at 971.

3.      The Court accepted the hourly rate for Plaintiff's attorneys (without objection by the Defendant); therefore, Plaintiff assumes that these rates continue to be acceptable to the Court.  The rates for the appellate matter are as follows:

| | |
|---|---|
| G. Kevin Fasic, Esq. | $410/hour[1] |
| Katherine Witherspoon Fry, Esq. | $410/hour |
| Joyce Kuhns, Esquire | $495/hour[2] |
| Anthony N. Delcollo, Esq. | $315/hour |
| Rose L. Green (paralegal) | $165/hour |

4.      On September 27, 2017, Defendant filed a Notice of Appeal of the Judgment (D.I. 73).  Defendant did not appeal the Memorandum Order awarding fees and costs (D.I. 91).

5.      On December 1, 2017, Defendant filed a Motion for Stay of Execution on Appeal (D.I. 95), and on December 15, 2017, Plaintiff filed an Answer in Opposition to Defendant's Motion for Stay of Execution on Appeal (D.I. 97).

---

[1] The rate for Mr. Fasic and Ms. Fry changed to $425 effective March 1, 2019.  Plaintiff respectfully submits that this minor change should not require a detailed showing as to its reasonableness.

[2] Ms. Kuhns was consulted for a discrete issue relating to settlement.

6. On October 3, 2018, the Court issued an Order granting Defendant's Motion for Stay of Execution on Appeal (D.I. 100) citing, *inter alia*, the Defendant's argument that it was likely to succeed on the merits on its appeal.

7. On April 1, 2019, the Third Circuit issued a precedential opinion affirming the judgment of this Court (attached as Exhibit A hereto). An Entry of Judgement was docketed the same day (attached as Exhibit B hereto).

## ARGUMENT FOR ATTORNEY'S FEES

8. As the Third Circuit has affirmed, Tamra Robinson remains the prevailing party and is entitled to an award of attorney's fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12205, which authorizes such an award. A "prevailing party" is defined as "any party 'who succeed[s] on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit'". *Laymon v. Lobby House, Inc.*, 2009 WL 1259059, *2 (D. Del. 2009), *citing Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (quoting *Nadeau v. Helgemoe*, 581 F.2d 275, 278-79 (1st Cir. 1978) (overruled on other grounds). Even a one-dollar verdict is sufficient to convey "prevailing party" status on a plaintiff. *Laymon*, at *2, citing *Farrar v. Hobby*, 506 U.S. 103, 109 (1992). Ms. Robinson was completely successful on appeal, as the Third Circuit affirmed the judgment of the District Court in its entirety.

9. The appropriate method for determining the amount of attorney's fees to be awarded is the lodestar method: an appropriate hourly rate multiplied by the reasonable amount of hours expended. *Hensley*, 461 U.S. at 433. This method is followed by the Third Circuit. *See Washington v. Philadelphia Co. Ct. of Comm. Pleas*, 89 F.3d 1031 (3d Cir. 1996); *Rode v. Dellarciprette*, 892 F.2d 1177 (3d Cir. 1990)); *Laymon*, 2009 WL 1259059 (D. Del. 2009); *Finch v. Hercules, Inc.*, 941 F. Supp 1395 (D. Del. 1996).). "The lodestar is strongly presumed to yield

a reasonable fee." *Washington*, 89 F.3d at 1035, citing *City of Burlington v. Dague*, 505 U.S. 557 (1992).

10. Plaintiff submits that the hourly rates of her counsel were approved (without contest by Defendant) in this Court's Memorandum Opinion of August 29, 2017 (D.I. 91), and that the same rates should be accepted here without further proof. The minimal change to the rates for Mr. Fasic and Ms. Fry should not require further proof as to their reasonableness. The adjustments (which took effect March 1, 2019) are for less than four percent (4%) of the fees, and only impact the charges for April 2019 (there were no charges in March 2019).

11. Attached as Exhibit C is the pre-bill from Offit Kurman, P.A., reflecting charges from August 2017 through March 2019, as well as a Work-In-Progress Report for the month of April 2019. Both of these documents are generated by the billing software program Expert Time, routinely utilized by the legal profession. It is respectfully submitted that these records meet the specificity required by the Third Circuit Court of Appeals. *Washington*, 89 F.3d at 1037-38; *Rode*, 892 F.2d at 1191. The hours sought, by individual, are as follows:

| | |
|---|---|
| Mr. Fasic | 137.0 hours |
| Ms. Fry | 68.9 hours |
| Ms. Kuhns | 0.2 hours |
| Mr. Delcollo | 33.1 hours |
| Ms. Green | 13.2 hours |

12. Throughout the appeal Defendant continued to test Plaintiff's resolve and challenge every aspect of the result in the District Court. Following denial of its motion for a new trial, Defendant resisted execution of the judgement. Its counsel moved this Court for a stay of execution and argued that it should not be required to post bond. Second, Defendant filed an

unnecessary and frivolous Motion for Summary Reversal in the Third Circuit (which was denied). Third, the parties participated in mandatory mediation (bearing in mind that Defendant refused to mediate the case before the District Court). Then the parties briefed the appeal and, at the request of the Panel, filed supplemental letter briefs.

13. Plaintiff's attorneys have already exercised appropriate "billing judgment" with respect to the hours expended and have made adjustments for any time that could be deemed excessive, redundant, unnecessary, or not related to successful claims in this action. *Finch*, 941 F. Supp. at 1423, citing *Hensley*, 461 U.S. at 434. Plaintiff's attorneys have reduced the appellate fees by roughly ten percent (10%).

14. Plaintiff respectfully submits that no further time should be adjusted, in light of her completely successful result on appeal.

15. The lodestar amount sought by Plaintiff is therefore $101,038.50, calculated as follows:

| | |
|---|---|
| Mr. Fasic (through March 2019) | $410/hour x 115.1 hours = $47,191.00 |
| Mr. Fasic (April 2019) | $425/hour x 29.2 hours = $12,410.00 |
| Ms. Fry (through March 2019) | $410/hour x 64.9 hours = $26,609.00 |
| Ms. Fry (April 2019) | $425/hour x 5 hours = $2,125.00 |
| Ms. Kuhns (April 2019) | $495/hour x 0.2 hours = $99.00 |
| Mr. Delcollo | $315/hour x 33.1 hours = $10,426.50 |
| Ms. Green | $165/hour x 13.2 hours = $2,178.00 |

16. Consistent with FRAP 39 and Local Appellate Rules 39.0 to 39.4, Plaintiff is submitting a Bill of Costs to the Third Circuit Court of Appeals and has total expenses and costs in that Court of $35.25 (related to the briefing at the Circuit Court). Plaintiff's total costs

(including costs incurred at the District Court subsequent to the August 27, 2017 Memorandum Opinion) are $307.37 (including the Third Circuit costs). Attached as Exhibit D hereto is Plaintiff's documentation supporting her request for costs.

17. Plaintiff respectfully submits that no further adjustment to the lodestar be made. Plaintiff was completely successful in the appeal, and the Third Circuit Court made no adjustment or modification whatsoever to the amounts awarded by the District Court as well as charging costs of the appeal to Defendant.

18. That a substantial expenditure of time and resources was required falls squarely on the shoulders of the Defendant. Plaintiff's action was filed in September 2014, two and a half years after her termination and following a lengthy administrative process. Trial was held nearly five years after Plaintiff's termination, and it is now almost two and a half years post-trial. Defendant had ample opportunity to resolve this dispute well before trial, and during its appeal, but instead determined to test Plaintiff's resolve. In a case involving Delaware's Wage Payment and Collection Act (which also provides for mandatory fee-shifting, see 19 *Del.C.* § 1113(c)), the Superior Court held as follows:

> The case was contested; Defendant tested Plaintiff's resolve, and Defendant should not be able to complain about the risks resulting from litigation. Defendant did not attempt to mitigate them by making an offer of judgment, ...
>
> Nor should the fees be reduced because of the difference in the judgment and request. One purpose of 19 *Del.C.* § 1113(c) is to provide employees with relief to redress arbitrary actions of employers who have stronger economic positions. Without reasonable attorney's fees, employees would not be able to find lawyers to try cases of this nature where the amounts involved are relatively small, ....

*Rodas v. Svc. Gen'l Corp.*, 2010 WL 2355314 *2 (Del. Super. 2010). The circumstances here are similar. Defendant clearly enjoys a far superior economic position to Plaintiff's. Defendant

fought Plaintiff every step of the way. Defendant did nothing to mitigate its risk and should not be able to complain about the result.

19. In summary, Plaintiff requests the following for attorney's fees, litigation expenses, and costs on appeal:

| | |
|---|---|
| Lodestar amount (through the date of this filing) | $101,038.50 |
| Litigation Expenses and Costs | $   307.37 |
| TOTAL FEE REQUESTED | $101,345.87 |

## ARGUMENT IN FAVOR OF BOND

20. Plaintiff further requests reconsideration of the Court's unusual decision not to require Defendant to post bond on appeal. Plaintiff respectfully requests that this Court enter an order requiring Defendant to post bond immediately in the amount of the judgment, post-judgment interest, plus all attorney's fees and costs to date. Including the request above, and all interest to date, the total balance due from Defendant is $277,687.79. Earlier this afternoon, Defendant filed a request for a re-hearing at the Third Circuit *en banc*. Clearly the Defendant's intent is to drag out this matter.

21. Defendant obtained a stay of execution under Fed. R. Civ. Pro. 62(d). Under this Rule, the purpose of the supersedeas bond is to "preserve the *status quo*" and "protect the winning party from the possibility of loss." *S. Track & Pump, Inc. v. Terex Corp.* 2014 WL 4825249, * 3 (D. Del. Sept. 29, 2014) (additional citations omitted). "Because the stay operated for the appellant's benefit and deprives the appellee of the immediate benefits of his judgment, a full supersedeas bond should be the requirement in normal circumstances, such as where there is some reasonable likelihood of the judgement debtor's inability or unwillingness to satisfy the judgement in full upon the ultimate disposition of the case and where posting adequate security

is practicable." *Id.*, citing *Fed. Prescription Serv., Inc. v. American Pharm. Ass'n*, 636 F.2d 755, 761 (D.C. Cir. 1980).  Now Plaintiff is completely exposed to the risk of loss, despite having won on appeal, because Defendant did not post a supersedeas bond.  Defendant's election to pursue further appeals only prolongs Plaintiff's risk of ultimate non-payment.

21. The correct factors to assess a requested waiver of the bond requirement are set forth in *Hurley v. Atlantic City Police Dep't.*, 944 F. Supp. 371, 374 (D.N.J. 1996): "The court may examine: (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place the other creditors of the defendant in an insecure position." (additional citation omitted).

22. Complexity of collection weighs in Plaintiff's favor.  According to Defendant, it is primarily funded by state and federal grants.  The vast majority of the grant money is restricted and can only be used for the purpose identified by the government.  Defendant's Motion for Stay of Execution on Appeal, ¶ 17.  It characterized the funds as "severely limited." *Id.* ¶ 19.  These representations by Defendant clearly suggest that collection will be lengthy and difficult.

23. The amount of time to obtain judgment remains unclear.  While Plaintiff has been initially successful at the Third Circuit, Defendant has waged a lengthy, unyielding, and thus far quixotic campaign to test Plaintiff's resolve.  This effort continues today with Defendant's request for a re-hearing *en banc*.  The likelihood of further appeals and reviews is high, and therefore ultimate execution of a final judgment remains many months, if not years, away.

24. The statements made by Defendant in paragraphs 17-19 of its Motion to Stay Execution on Appeal also weigh in Plaintiff's favor. Defendant has failed to provide to the Court any details of its financial status and ability to pay the now substantially increased judgment. This factor must therefore weigh in favor of Plaintiff.

25. To the contrary, and again in Plaintiff's favor, Defendant has failed to demonstrate a plain ability to pay the judgment.

26. The final factor further weighs in Plaintiff's favor. No data has been provided that would lead to the conclusion that securing a bond would adversely impact other creditors of Defendant (if any).

27. Defendant argues that securing a bond would require an outlay of 1.5% to 3.5% of a figure 120% of the amount required. No source is cited for this representation. Assuming that these are accurate figures, and that Plaintiff is awarded all of its fees and costs from the Third Circuit, the cost to obtain the bond would be between $4,200 and $9,800. Defendant has never argued that this is an unreasonable sum, and even previously offered to lodge the 1.5% to 3.5% with the Court. Defendant's Motion to Stay Execution on Appeal, ¶ 21.[3]

28. Defendant has fought Plaintiff at every turn, and by today's actions evidences a clear intent to continue to do so. It would fly in the face of equity and public policy to allow Defendant to escape responsibility by continuing to take appeal after appeal, then cry poor when faced with payment. A stay pursuant to Rule 62(d) is in place, and the Court should therefore require Defendant to post a supersedeas bond to protect Plaintiff's interest in payment.

---

[3] Lodging only the cost to obtain the bond is wholly insufficient and demonstrates a complete lack of understanding of the purpose of the Bond. Defendant now owes Plaintiff roughly $278,000. Placing $10,000 or less in the hands of the Court does little to ensure that Plaintiff will ultimately be paid anywhere close to this amount.

WHEREFORE, Plaintiff Tamra Robinson respectfully requests that the Court grant her appellate attorney's fees and costs in the amount of $101,345.87; and that the Court enter an order immediately requiring Defendant to secure an appropriate supersedeas bond, in the amount of not less than $278,000.

        OFFIT KURMAN, P.A.

        */s/ G. Kevin Fasic*
        G. Kevin Fasic, Esq. (DE 3496)
        Katherine R. Fry, Esq. (DE 3348)
        1201 N. Orange St., Suite 10 East
        Wilmington, DE 19801
        (302) 351-0900
        kfasic@offitkurman.com
        kwitherspoonfry@offitkurman.com

        *Attorneys for Plaintiff*

Dated: April 15, 2019

4810-9947-6116, v. 1