# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TAMRA N. ROBINSON,<br>  Plaintiff, | : | Case No: 14-1205-RGA |
| | : | |
| v. | : | |
| | : | |
| FIRST STATE COMMUNITY<br>ACTION AGENCY,<br>  Defendant. | : | |

**DEFENDANT'S RESPONSE TO
PLAINTIFF'S MOTION FOR ATTORNEY'S FEES ON APPEAL AND
RESPONSE TO RECONSIDERATION OF THE MOTION TO BE EXCUSED FROM
POSTING A SUPERSEDEAS BOND**

  NOW COMES the Defendant, First State Community Action Agency ("First State"), and objects to Plaintiff's Motion for attorney's fees on appeal and for reconsideration of the Order as follows:

  1. On April 1, 2019 the Third Circuit affirmed judgment in favor of the Plaintiff.

  2. On April 15, 2019, First State timely filed a Petition for Rehearing and Rehearing En Banc on the basis that the Court's decision in this matter does not comport with the standard for plain error enunciated by the U.S. Supreme Court in United States v. Olano, 507 U.S. 725 (1993) as applied by the Third Circuit Court of Appeals in Virgin Islands v. Rosa, 399 F.3d 283 (3d Cir. 2005). See Petition attached at Exhibit A. So, the judgment in this matter is not yet final as no mandate has issued.

  I. **PLAINTIFF'S ACCOMMODATION CLAIM IS NOT COGNIZABLE UNDER THE ADA, SO THIS COURT SHOULD DENY PLAINTIFF'S REQUEST FOR ATTORNEY'S FEES ON APPEAL AS THE ADA ONLY ALLOWS RECOVERY OF ATTORNEY'S FEES FOR CLAIMS BROUGHT UNDER ITS PROVISIONS.**

1

3. Plaintiff seeks an award of attorney's fees for the appeal, however, under the American Rule, each party pays his own attorney's fees unless authorized by statute or enforceable contract with few exceptions. See Summit Valley Indus. v. United Bhd. of Carpenters & Joiners, 456 U.S. 717, 718 (1982).

4. The law at 42 U.S.C. §12205 allows a prevailing party reasonable attorney's fees including litigation expenses and costs "in any action or administrative proceeding commenced pursuant to this chapter…"

5. However, the precedential opinion of the Third Circuit in this matter makes it clear that Plaintiff's flawed reasonable accommodation claim was and is not a cognizable theory under the ADA. See page 8 of Op. attached as Exhibit A to Plaintiff's Motion for Attorney's Fees.

6. Therefore, the Plaintiff cannot rely on the ADA statute as a basis for a statutory award of attorney's fees against First State as the statute does not authorize the payment of attorney's fees for claims not covered by its provisions.

7. Plaintiff, having no statute under which to seek attorney's fees for her successful claim is not eligible for or entitled to attorney's fees on appeal, and this Court should deny the grant of any amount for attorney's fees sought for the appeal in this matter.

8. Likewise, Plaintiff is not eligible for the attorney's fees awarded immediately post trial. At the time of this Court's prior consideration of Plaintiff's initial request for attorney's fees, neither the parties nor the Court were aware of the lack of viability of Plaintiff's theory under the ADA. So, pursuant to Fed. Civ. Pro. R. 60(b)(6), Defendant will accordingly seek relief from the judgment entered for attorney's fees.

9. Should this Court disagree and consider Plaintiff a prevailing party despite of her success on a claim not covered by the applicable chapter, she is not entitled to attorney's fees. Pursuant to 42 U.S.C. § 12205, an award attorney's fees would be discretionary:

> In any action or administrative proceeding commenced pursuant to this chapter, the court or agency, in its discretion, ***may*** allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs, and the United States shall be liable for the foregoing the same as a private individual. (emphasis added)

10. And, in this case the Court should exercise its discretion to deny attorney's fees. Plaintiff should be financially responsible for bringing and litigating her flawed claim before the Court. Aside from bearing the expenses of its own defense, Defendant bears no responsibility for Plaintiff's decision to pursue the flawed claim or her unsuccessful ADA termination claim.

11. Further, aside from requesting attorney's fees on appeal for pursuing her flawed theory, Plaintiff seeks approximately $267.12 in costs and approximately $25,879.50 in attorney's fees relating to the execution of the judgment, which are not authorized by the statute nor in furtherance of the Plaintiff's claim on appeal. See "checked" charges at Exhibit B.

12. Additionally, it appears that the Plaintiff seeks payment of $574.00 for attorney's fees relating to discussions with the EEOC about an amicus brief, though none was filed, and which are not authorized by the statute nor in furtherance of the Plaintiff's claim on appeal. See "circled" charges at Exhibit B.

## II. PLAINTIFF'S REQUEST FOR RECONSIDERATION OF THE ORDER EXCUSING BOND SHOULD BE DENIED AS THE AMOUNTS SHE SEEKS ARE NOT SUPPORTED BY LAW.

13. Defendant filed a Motion for Stay of Execution on Appeal pursuant to Fed. Ct. Civ. R. 62. The Court granted the Stay on October 3, 2018 and that Order remains effective through the conclusion of the appeal.

14.    Now, Plaintiff requests that the court amend its bond and order the payment of a supersedeas bond in the amount of $277,687.79 to account for the $22,501.00 judgment plus interest and attorney's fees and costs to include its requested attorney's fees and costs on appeal.

15.    However, the law only allows the bond to cover the "costs" on appeal, which do not include the attorney's fees. <u>Hirschensohn v. Lawyers Title Ins. Corp.</u>, 1997 U.S. App. LEXIS 13793, *3 (3rd Cir. 1997). See attached as Exhibit C.

16.    Specifically, Fed. R. App. Pro. 7 allows the district court to "require an appellant to file a bond or provide other security in any amount necessary *to ensure payment of costs* on appeal." (emphasis added)

17.    "Costs" are listed in Fed. R. App. Pro. 39(e) as preparation and transmission of the record, the reporter's transcript, premiums paid for bonds, and filing fees for notice of appeal. Hirschensohn at *3. Attorney's fees are conspicuously absent from the list.

18.    On April 15, 2019, Plaintiff submitted its bill of costs in the Third Circuit; the total was $35.25. Should the court deem it necessary, Defendant will post the $35.25 that has been expended for costs of the appeal to date with the court. However, Defendant asserts that the current order remains appropriate through the conclusion of the appeal.

WHEREFORE, based on the foregoing, Defendant requests that this Court deny the Plaintiff's application for attorney's fees on appeal and for reconsideration of the Order excusing it from posting a bond.

FUQUA, WILLARD, STEVENS & SCHAB, P.A.
26 The Circle, P.O. Box 250
Georgetown, Delaware 19947
(302) 856-7777
/s/ Tasha Marie Stevens
TASHA MARIE STEVENS, ESQUIRE (#4463)
Attorney for Defendant

Dated: April 29, 2019