IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

TAMRA N. ROBINSON,

    Plaintiff,

v.

FIRST STATE COMMUNITY ACTION AGENCY,

    Defendant.

Civil Action No. 1:14-cv-01205-RGA

**MEMORANDUM ORDER**

*"Sheep get sheared, pigs get fat, and hogs get slaughtered."*

Presently before me is Plaintiff's Motion for an Award of Attorney's Fees on Appeal.[1] (D.I. 101). The Parties have fully briefed the issues. (D.I. 101, 102, 103). For the reasons discussed more fully below, I will deny Plaintiff's motion.

Plaintiff filed this lawsuit on August 17, 2014 alleging discrimination under the Americans with Disabilities Act ("ADA"). (D.I. 1). I held a three-day jury trial on December 5-7, 2016. (D.I. 87-89). The jury returned a verdict finding that Defendant failed to reasonably accommodate Plaintiff based on a "regarded as" theory of disability. (D.I. 72). The jury awarded Plaintiff $1 in nominal damages and $22,500 in punitive damages. (*Id.*). On Plaintiff's motion after trial, I awarded her $135,452.26 in attorneys' fees. (D.I. 91). Defendant appealed (D.I. 92) and the Third Circuit affirmed. (D.I. 104). Plaintiff now requests an additional $101,038.50 in appellate attorneys' fees pursuant to 42 U.S.C. § 12205. (D.I. 101 at ¶¶ 8, 15).

---

[1] Plaintiff's motion also requests that I reconsider my decision not to require Defendant to post a supersedeas bond. I have vacated the order granting the stay of execution of the judgment. (D.I. 105). Thus, that portion of Plaintiff's motion is moot.

1

Under the fee-shifting provision of the ADA, a district court, "in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs." 42 U.S.C. § 12205.

Plaintiff bases her request for attorneys' fees on her successful defense of Defendant's appeal to the Third Circuit. (D.I. 101 at ¶ 8). Plaintiff's success, however, was not on the merits of her claim. *See Robinson v. First State Cmty. Action Agency*, 920 F.3d 182, 186-90 (3d Cir. 2019). The Third Circuit was clear that there is no basis in the ADA for Plaintiff's jury award. *Id.* She won on a legal theory that Congress expressly rejected. *Id.* at 186. The court affirmed, nonetheless, finding that Defendant had waived its argument that Plaintiff's theory was bogus by failing to raise the issue at any time prior to appeal. (*Id.* at 188-89). Thus, Plaintiff's success on appeal turned entirely on a procedural technicality.

It is unclear whether Plaintiff meets Section 12205's requirement that the action be commenced pursuant to the ADA. 42 U.S.C. § 12205. Regardless, I will exercise my discretion not to award Plaintiff additional fees. Plaintiff has benefitted from a windfall based on Defendant's failure to object to her flawed theory of liability. Awarding Plaintiff additional fees would work an injustice against Defendant and would do nothing to encourage or reward meritorious disabilities litigation. While Defendant remains liable for the award already granted to Plaintiff,[2] it has been absolved of legal wrongdoing. There is simply no equitable justification for me to further punish Defendant for its procedural failure.

---

[2] Defendant stated more than three months ago that it intends to file a Federal Rule of Civil Procedure 60(b)(6) motion for reconsideration of my previously entered award of attorneys' fees. (D.I. 102 at ¶ 8). It has not yet filed such a motion. I note, however, that Defendant had the opportunity to challenge the fees award on appeal and did not.

Accordingly, Plaintiff's Motion for an Award of Attorney's Fees on Appeal (D.I. 101) is **DENIED**.

IT IS SO ORDERED this 13 day of August 2019.

　　　　　　　　　　　　　　　　　　　　　　　　/s/ Richard G. Andrews
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge