**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 19-2995
_____

TAMRA N. ROBINSON,
Appellant

v.

FIRST STATE COMMUNITY ACTION AGENCY

_____

On Appeal from the United States District Court
for the District of Delaware
(D. Del. No. 1:14-cv-01205)
District Judge: Hon. Richard G. Andrews

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on June 29, 2020

Before: KRAUSE, PHIPPS, and GREENBERG, *Circuit Judges*.

(Opinion filed: July 10, 2020)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

KRAUSE, *Circuit Judge.*

Plaintiff Tamra Robinson appeals the District Court's denial of her request for appellate attorneys' fees after she successfully defended a jury verdict in her favor. Because Robinson's claim was legally meritless and we affirmed only due to Defendant First State Community Action Agency's waiver of any argument on this ground, "special circumstances" justified the District Court's denial of appellate attorneys' fees, and we will affirm.

## DISCUSSION[1]

While the Americans with Disabilities Act's fee-shifting provision gives a court discretion to "allow the prevailing party . . . a reasonable attorney's fee," 42 U.S.C. § 12205, such fees are not guaranteed: A prevailing party that may "ordinarily recover an attorney's fee" should not do so where "special circumstances would render such an award unjust," *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983) (citation omitted). Such circumstances were present here.

Robinson won a jury verdict based on a legal theory that First State discriminated against her because she was regarded as disabled, a theory that was no longer viable after the 2008 amendments to the ADA. *See Robinson v. First State Cmty. Action Agency*, 920 F.3d 182, 186 (3d Cir. 2019). For this victory, Robinson was awarded $135,452.26 in

---

[1] The District Court had jurisdiction under 28 U.S.C. § 1331, and we have jurisdiction under 28 U.S.C. § 1291. "We review the District Court's attorneys' fees award for abuse of discretion," which occurs when "the judge fails to apply the proper legal standard or to follow proper procedures in making the determination, or bases an award upon findings of fact that are clearly erroneous." *United States ex rel. Palmer v. C&D Techs., Inc.*, 897 F.3d 128, 138 (3d Cir. 2018) (citation omitted).

attorneys' fees. Robinson then successfully defended this judgment on appeal, but only thanks to an error by First State: First State waived any objection to the "regarded as" theory of the case by failing to raise it before the District Court, so we declined to consider the issue for the first time on appeal and thus affirmed the District Court's judgment. *Id.* at 186–89. Under these circumstances, awarding appellate attorneys' fees in addition to the fees already awarded would be a "windfall[]" for Robinson's counsel. *See Farrar v. Hobby*, 506 U.S. 103, 115 (1992) (citation omitted). Additionally, because the "regarded as" theory of ADA liability is no longer viable and Robinson succeeded only due to First State's missteps, the "legal issue" on which Robinson prevailed has no "significance"; the judgment will not "deter future lawless conduct"; and an award of appellate attorneys' fees thus serves no "public purpose." *See id.* at 121–22 (O'Connor, J., concurring).

In light of these unusual "special circumstances," *Hensley*, 461 U.S. at 429 (citation omitted), it was within the District Court's discretion to determine that Robinson "should receive no [appellate] attorney's fees at all," *Farrar*, 506 U.S. at 115.

## CONCLUSION

For the foregoing reasons, we will affirm the order of the District Court.